NATIONAL LABOR RELATIONS BOARD
v. PALM BEACH BROADCASTING
CORPORATION.

No. 11553.

Circuit Court of Appeals, Fifth Circuit.

June 7, 1946.

David A. Morse, General Counsel, National Labor Relations Board, A. Norman Somers, Asst. Gen. Counsel, N.L.R.B.; and Morris P. Glushien, Principal Attorney, N.L.R.B., all of Washington, D. C., for petitioner.

C. D. Blackwell, of West Palm Beach, Fla., and C. L. McCoy, of Lake Worth, Fla., for respondent.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

PER CURIAM.

The National Labor Relations Board issued an order directing that Palm Beach Broadcasting Corporation, its officers, agents, successors, and assigns:

"1. Cease and desist from:

"(a) Refusing to bargain collectively with American Communications Association, C.I.O., as exclusive representative of all its employees employed at its Palm Beach, Florida, broadcasting station, excluding executives and all supervisory employees with authority to hire, promote, discharge, discipline, or otherwise effect changes in the status of employees, or effectively recommend such action, in respect to rates of pay, wages, hours of employment, and other conditions of employment;

"(b) Discouraging membership in American Communications Association, C.I.O., or any other labor organization of its employees, by discontinuing and terminating its practice of giving summertime Wednesday afternoon vacations, or by discharging and refusing to reinstate any of its employees, or by discriminating in any other manner in regard to the hire and tenure of employment of its employees or any term or condition of their employment;

"(c) In any other manner interfering with, restraining or coercing its employees in the exercise of the right to self-organization, to form labor organizations, to join and assist American Communications Association, C.I.O., or any other labor organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining, or other mutual aid or production, as guaranteed in Section 7 of the Act [29 U.S.C.A. § 157].

"2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

"(a) Upon request, bargain collectively with American Communications Association, C.I.O., as the exclusive representatives of all the respondent's employees at its Palm Beach, Florida, broadcasting station, excluding executives and all supervisory employees with authority to hire, promote, discharge, discipline, or otherwise effect changes in the status of employees, or effectively recommend such action, with respect to rates of pay, wages, hours of employment, and other conditions of employment, and if an understanding is reached, embody such understanding in a signed agreement;

"(b) Offer to Ruth Rasmussen immediate and full reinstatement to her former or a substantially equivalent position, without prejudice to her seniority or other rights and privileges;

"(c) Make whole Ruth Rasmussen for any loss of pay she has suffered by reason of the respondent's discrimination against her, by payment to her of a sum of money equal to the amount which she normally would have earned as wages during the period from October 6, 1944, to the date of the respondent's offer of reinstatement, less her net earnings during said period;

"(d) Make whole Virginia Fuquay Van Bullock, Juanita Mitchell, Josephine Rectenwald, and Ruth Rasmussen for the loss of Wednesday afternoon summertime vacations, as provided in that Section of the Intermediate Report entitled 'The Remedy';

"(e) Post at its plant at Palm Beach, Florida, copies of the notice attached hereto, marked 'Appendix A'. Copies of said notice, to be furnished by the Regional Director of the Tenth Region, shall, after being duly signed by the respondent's representative, be posted by the respondent immediately upon receipt thereof, and maintained by it for sixty (60) consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to insure that said notices are not altered, defaced, or covered by any other material;

"(f) Notify the Regional Director for the Tenth Region in writing, within ten (10) days from the date of this Order, what steps the respondent has taken to comply herewith."

The Board is asking us now to enforce the above order.

 In view of the restricted scope allowed us in the review of factual findings by the Board, we cannot substitute our belief as to the weight of the evidence or the credibility of the witnesses for that of the Board, nor can we say that the findings of the Board are without any evidence in support thereof, wherefore, the order of the Board in all respects will be enforced other than subparagraph (d) of paragraph 2, wherein the respondent was ordered to: "Make whole Virginia Fuquay Van Bullock, Juanita Mitchell, Josephine Rectenwald, and Ruth Rasmussen for the loss of Wednesday afternoon summertime vacations, * * *."

The arrangement to let some of the employees off on Wednesday afternoons during the summer was not any part of the contract of employment nor the result of collective bargaining, nor in pursuance of any policy of such long standing that any employee had the right to imply that it was a part of his contract of employment. This privilege was voluntarily put into effect by the employer only a few weeks before it was revoked, and, being a pure gratuity, it was revocable at the will of the employer. In addition to the indefinite nature of the privilege and the lack of any basis for determining what was lost by its revocation, the record is wholly wanting in evidence that its revocation was discriminatory within the meaning of the statute.

In all other respects the order of the Board will be enforced.

It is so ordered.